Tommy Howard GILBREATH, Petitioner,

v.

DISTRICT COURT OF BRYAN COUNTY, State of Oklahoma, Respondent.

Tommy Howard GILBREATH, Petitioner,

v.

DISTRICT COURT OF POTTAWATOMIE COUNTY, State of Oklahoma, Respondent.

No. A–14343.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1967.

Tommy Gilbreath, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

On June 30, 1967, the Clerk of this Court received from the petitioner, by mail, two petitions, but no "copies" of the petitions.

Under the rules of this Court it is necessary for litigants to furnish five copies of all instruments filed. The Court Clerk entered these two single instruments as a petition and copy thereof, and assigned the same number to both instruments. The Clerk should have assigned separate numbers to the two petitions. However, we herewith treat both cases in this opinion.

In each of the cases, petitioner alleges that on or about October 10, 1966 he entered the Oklahoma State Penitentiary under sentence of one year, rendered against him by the district court of Craig County, Oklahoma. That on May 10, 1967 he was released from the penitentiary, having completed his sentence, and was duly turned over to the Craig County authorities for the purpose of serving time in payment of the court costs in the original case.

He alleges that thereafter the district court of Bryan County filed with the authorities of Craig County a hold order, alleging that there had been filed in that court a charge against petitioner for forgery, second degree.

The Attorney General filed a response to this petition, alleging that the case pending in the district court of Bryan County, Oklahoma has been dismissed, and that there is no longer a hold order with the authorities of Craig County on behalf of Bryan County.

In the petitioner's second petition he alleges that the district court of Pottawatomie County, in case No. 3839, charging him with burglary in the second degree, has placed a hold order with the authorities of Craig County.

The Attorney General filed a motion to dismiss this action, for the reason that the case pending against petitioner in Pottawatomie County has also been dismissed, attaching to his motion an original copy of the motion to dismiss and the order of dismissal in said Pottawatomie County, case No. 3839.

It therefore appearing to the Court that petitioner's cause in each of said matters is now moot, insofar as both cases petitioner

complains of have heretofore been dismissed by the respective county authorities, this action consisting of two separate petitions, is dismissed.

NIX, P. J., and BUSSEY, J., concur.